*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TRAVOR AUSTIN KILLIAN,

Defendant-Appellant.

UNPUBLISHED
November 20, 2024
9:57 AM

No. 367272
St. Clair Circuit Court
LC No. 23-000235-FH

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of the delivery or manufacture of methamphetamine, MCL 333.7401(2)(b)(*i*); tampering with evidence, MCL 750.483a(6)(b); maintaining a drug house, MCL 333.7405(1)(d); and three counts of resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 18 to 30 years' imprisonment for the delivery or manufacture of methamphetamine conviction; 6 to 30 years' imprisonment for the tampering with evidence conviction, 2 to 15 years' imprisonment for the maintaining a drug house conviction; and 2 to 15 years' imprisonment for each resisting or obstructing a police officer conviction. Because the trial court prevented defendant from allocution at sentencing, we vacate his sentence and remand to that court for resentencing.

## I. BACKGROUND

This case arose from a police search of defendant's residence in accordance with a search warrant. Inside the residence, police found methamphetamine in defendant's room along with two digital scales, spoons, and hypodermic needles. Moreover, defendant unsuccessfully attempted to flee from the police when they were executing the search warrant.

Defendant was found guilty of the crimes listed above, and the trial court confirmed that defendant was a fourth-offense habitual offender at the end of trial. At sentencing, the trial court initially gave defendant the opportunity for allocution, but interrupted him multiple times throughout. The trial court ultimately sentenced defendant as noted above. This appeal followed.

-1-

## II. SENTENCING ERRORS

First, defendant argues that the trial court operated under a misconception of the habitual-offender enhancement, which resulted in the trial court failing to understand that it had the discretion not to enhance his minimum sentence. In other words, defendant asserts that the trial court mistakenly believed that it was required to enhance his minimum sentence because he was a habitual offender. Relatedly, defendant suggests, this misconception resulted in the trial court denying him the opportunity for allocution during the enhancement applicability confirmation at the end of trial. Second, defendant argues that the trial court also denied him the opportunity to allocute at sentencing. We disagree with defendant as to the trial court's understanding and application of the enhancement, but agree that the trial court denied defendant an opportunity for allocution at sentencing.

## A. PRESERVATION AND STANDARDS OF REVIEW

"The interpretation of court rules and statutes 'is a question of law that we review de novo.' " *People v Dixon-Bey*, 340 Mich App 292, 296; 985 NW2d 904 (2022), quoting *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002). However, defendant did not preserve these issues, so they are reviewed for plain error. See *People v McLaughlin*, 258 Mich App 635, 670; 672 NW2d 860 (2003). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Defendant bears the burden of establishing prejudice. *Id*. Finally, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (cleaned up).

## B. ANALYSIS

## 1. ENHANCEMENT

Defendant first argues that the trial court erred by believing that the habitual-offender enhancement is a "conviction," which caused the court to treat the enhancement as mandatory, not discretionary. In addition, defendant incidentally suggests that he was denied an opportunity for allocution when, at the end of trial, it confirmed that he was a habitual offender. We disagree.

"The habitual-offender statutes, MCL 769.10 *et seq*., provide enhancement of a defendant's sentence on the basis of prior felony convictions." *People v Brown*, 492 Mich 684, 689; 822 NW2d 208 (2012). Habitual-offender enhancements "do not create a substantive offense independent of the principal charge." *Id*. Technically, the trial court in this case misspoke in referencing the habitual-offender enhancement as a conviction during sentencing, when it indicated that the substantive offenses for which defendant was convicted were enhanced by the "habitual offender fourth conviction." The use of the word "conviction" in this context to refer to the habitual-offender enhancement was imprecise, as such an enhancement is not an independent conviction. See *id*.

Nonetheless, reversal is not warranted because the record clearly demonstrates that the trial court was aware of how the habitual-offender enhancement operates regardless of its inadvertent reference to the word "conviction." At sentencing, the trial court explained to defense counsel that the minimum guidelines range for defendant was 87 to 290 months in prison:

> That's, that's the guideline range that is the range for a minimum sentence in a term of your sentence, which we have here. A term of your sentence is a minimum to a maximum and what the guidelines control or what the guidelines apply to is the minimum end of that that sentence.
>
> So the minimum end of a term of your sentence can be anywhere from 87 months to 290 months.
>
> * * *
>
> So the Court, if assuming it sentences within guidelines which are presumed to be proportionate, can impose, assuming it does not depart upwards or downwards, the Court can impose a minimum sentence in a term of your sentence anywhere, a minimum of anywhere from 87 months to 290 months. Okay.

This was a correct explanation of the sentencing guidelines, both as a general matter and as applied to defendant. Given the scoring of the sentencing variables in this case, the sentencing guidelines for defendant were set forth in the F-IV cell for Class B offenses. See MCL 777.63. Ordinarily, without a habitual-offender enhancement, the guidelines for the F-IV cell are 87 to 145 months in prison. *Id*. However, with the fourth-offense habitual-offender enhancement, the guidelines become 87 to 290 months in prison. See MCL 777.21(3)(c). In other words, the fourth-offense habitual-offender enhancement increases the upper bound of the guidelines range from 145 months to 290 months in prison, while the lower bound remains at 87 months. *Id*.

Given the trial court's statements at sentencing, it is apparent that the court was aware of how habitual-offense enhancements operate, and that it properly applied the enhancement in this case. That is, the trial court correctly understood that 87 months remained the lower bound of the sentencing guidelines, that the enhancement only increased the upper bound, and that it was able to exercise its discretion within the sentencing guidelines by imposing an 87-month sentence at the lower bound. Consequently, the trial court did not commit any error, and defendant is not entitled to relief for this issue. *Carines*, 460 Mich at 763.[1]

## 2. ALLOCUTION

Second, defendant argues the trial court denied him the opportunity to allocute at sentencing by interrupting and interrogating him. We agree.

---

[1] To the extent that defendant argues that he was entitled to allocution at the end of trial when the trial court determined that he was a habitual offender, this argument misses the mark because allocution only applies at sentencing. See MCR 6.425(D)(1)(c).

"The right of allocution allows a defendant 'to speak in mitigation of the sentence' and offers defendants 'an occasion to accept responsibility' and begin the process of atonement." *People v Bailey*, 330 Mich App 41, 66; 944 NW2d 370 (2019), quoting *People v Petty*, 469 Mich 108, 119-121; 665 NW2d 443 (2003). The right to allocution is recognized in MCR 6.425(D), which, at the time relevant to this case, stated:

> (1) The court must sentence the defendant within a reasonably prompt time after the plea or verdict unless the court delays sentencing as provided by law. At sentencing, the court *must*, on the record:
>
> * * *
>
> (c) give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence . . . . [Emphasis added.]

"[A] a single interruption, where a defendant otherwise receives a reasonable opportunity to speak, does not deprive the defendant of the right of allocution." *Dixon-Bey*, 340 Mich App at 302. "It [also is] appropriate for the court to interrupt for the purpose of seeking clarification of a defendant's statements." *Id*. "However, allocution is the defendant's opportunity to address the court, not the court's opportunity to conduct an interrogation or deliver a lecture." *Id*. (emphasis omitted). The fundamental question is whether the opportunity for allocution is "meaningful." See *Bailey*, 330 Mich App at 67.

In this case, a review of the sentencing transcript indicates that the following exchange occurred when defendant was provided an opportunity for allocution:

> *The Court*: Thank you. Mr. Killian, what would you like to say to me before I impose sentence?
>
> *The Defendant*: All I can say is I'm a drug addict, ma'am.
>
> *The Court*: Sir, you have to speak louder.
>
> *The Defendant*: All I can say is I'm a drug addict, ma'am. I'm sorry. Everything I did was to find my next high. I didn't want to hurt nobody. I didn't try to hurt nobody. And please don't –
>
> *The Court*: Well, you weren't charged with simple possession, sir. You were charged with possession with intent to deliver.
>
> *The Defendant*: Please don't take away the rest of –
>
> *The Court*: And, and, and, and the, and the evidence that was present in that rather squalid basement in which you were living. What showed that that was your intent. You were preparing to deliver it, to share it with others, to distribute it to other people. So it's a little more serious than using.

You understand what I'm saying?

*The Defendant*: Yes, ma'am. And like I said, everything I was doing was to feed my habit it and –

*The Court*: Does that make it better?

*The Defendant*: No, it doesn't, ma'am.

*The Court*: Okay.

*The Defendant*: I'm sorry for my actions.

*The Court*: Well, that's a very easy thing to say. And I'm sure many people have told you that's exactly what you should say in front of me.

*The Defendant*: Yes, ma'am.

*The Court*: I'm sure you've been advised of that.

*The Defendant*: Yes, ma'am.

*The Court*: I'm not talking about your lawyer. Tell the judge you're sorry and then she'll go easy on you. Well, you know, I'll be honest with you, sir, I'm not that easily manipulated. In fact, it's not and I cannot be manipulated at all.

*The Defendant*: I don't think I was –

*The Court*: And you've done very little, but manipulate a lot of people in your very short lifetime. . . .

As noted, MCR 6.425(D) mandates that a trial court afford a defendant an opportunity to "advise the court of any circumstances [he or she] believe[s] the court should consider in imposing sentence." MCR 6.425(D)(1)(c). Here, the trial court gave defendant the opportunity to allocute but continuously interrupted defendant from his first statement, questioning him about the charges, his sincerity, and his remorse. Admittedly, the initial interruption was benign because the trial court merely asked defendant to speak louder so it could hear him better. See *Dixon-Bey*, 340 Mich App at 302. However, while one interruption is insufficient to deprive a defendant of his or her right to allocute, the record demonstrates that the trial court interrupted defendant multiple times—by our count, the trial court interrupted defendant seven or eight times during his attempted allocution. The trial court's ongoing interruptions were not for clarification, but challenging defendant's statements. In particular, the trial court questioned defendant's motives, the sincerity of his apology, and his attempts to deal with his addiction issues. In addition, the trial court appeared to lecture defendant about his crimes and life choices. While these were reasonable issues for the trial court to raise with defendant, the proper time to do so was after allocution, not during allocution. See *id*. ("The trial court may deliver a lecture or express its disbelief afterwards, during sentencing. During allocution, it must permit the defendant a meaningful opportunity to speak.").

-5-

Therefore, we conclude that defendant, while initially given the opportunity to allocute, was erroneously deprived of that right by the trial court's interruptions, interrogations, and lectures, preventing him from having a reasonable and meaningful opportunity to speak. Further, given the number of these disruptions, we conclude that the error was plain. Finally, because our Supreme Court has held that a denial of the right of allocution automatically entitles a defendant to resentencing under the plain-error standard, *Petty*, 469 Mich at 122, we remand this case to the trial court for resentencing with a full opportunity for allocution.

## III. CONCLUSION

The trial court plainly erred when it interrupted defendant during his allocution at sentencing, which deprived him of that right. Therefore, we vacate defendant's sentence and remand to the trial court for resentencing.[2] We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan

---

[2] We recognize that the trial court is not precluded from resentencing defendant to the same sentence if it determines that the previous sentence still is proper in light of his complete allocution. *Bailey*, 330 Mich App at 68.